**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JINMEI ZHANG | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | |
| v. | ) | Judge |
| | ) | |
| NATIONAL ORGANIZATION FOR | ) | Magistrate Judge |
| BODYWORK THERAPIES OF ASIA, | ) | |
| LLC., & BO LIU, | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT**

Plaintiff Jinmei Zhang, files this complaint against National Organization for Bodywork Therapies of Asia LLC ("Bodywork Therapies") and Bo Liu, individually ("Liu"), (collectively "Defendants"), and states as follows:

### I. NATURE OF THE CASE

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL"), and the Chicago Minimum Wage Ordinance ("CMWO") 1-24-010 *et seq.*, for Defendants' 1) failure to pay Ms. Zhang the minimum wage in violation of the FLSA, the IMWL, and the CMWO; and 2) failure to pay Plaintiff overtime wages for all time worked in excess of 40 hours in a workweek in violation of the FLSA, the IMWL, and the CMWO. For claims arising under the FLSA, Plaintiff brings this suit as a collective action pursuant to § 216(b) of the FLSA. Ms. Zhang's consent to act as Class Representative in this Section 216(b) is attached hereto as Exhibit A.

## II. JURISDICTION AND VENUE

2. This Court has jurisdiction over Ms. Zhang's FLSA claims pursuant to 28 U.S.C. § 1331, arising under 29 U.S.C. § 216(b).

3. This Court has supplemental jurisdiction over Ms. Zhang's state law claims pursuant to 28 U.S.C. § 1367 because they are so related to the federal claims that they form part of the same case or controversy.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because 1) a substantial number of the facts and events giving rise to Ms. Zhang's claims occurred in this judicial district; 2) the Defendants' places of business are located within this judicial district; and 3) Defendants transacted business within this judicial district.

## III. PARTIES

**Plaintiff**

5. Ms. Zhang resides and is domiciled in the State of Illinois and within this judicial district.

6. At all relevant times, Ms. Zhang was Defendants' "employee" as defined by the FLSA, 29 U.S.C. § 201 *et seq.*, the IMWL, 820 ILCS 115/3(d), and the CMWO 1-24-010.

**Defendants**

7. At all relevant times, Defendant Bodywork Therapies:

   a. has been a corporation organized under the laws of the State of Illinois;

   b. has maintained offices and conducted business in Illinois and within this judicial district;

   c. has been an "enterprise" as defined by § 3(r)(1) of the FLSA, and an enterprise engaged in commerce, within the meaning of § 3(s)(1)(A) of the FLSA, 29 U.S.C. §§ 203(r)(1), 203(s)(1)(A);

    d. has had two or more employees who have handled goods that moved in interstate commerce within the meaning of § 3(s)(1)(A), *id.*, § 203(s)(1)(A); and

    e. was Plaintiff's "employer" as that term is defined by the FLSA, *id.*, § 203(d), the IMWL, 820 ILCS 105/3(c), and the CMWO, 1-24-010.

8. Within the relevant time period, Liu:

    a. has been a principal officer of Defendant Bodywork Therapies;

    b. has resided and been domiciled in this judicial district;

    c. among other things, has had the authority to: 1) hire and fire; 2) direct and supervise the work of Ms. Zhang; 3) authorize the payment of wages to Ms. Zhang; 4) sign on the company's checking accounts, including any payroll accounts; and 5) to participate in decisions regarding the operation of the business and employment policies and practices; and

    d. was Ms. Zhang's "employer" as that term is defined by the FLSA, 29 U.S.C. § 203(d); the IMWL, 820 ILCS 105/3(c); and the CMWO, 1-24-010.

### IV. FACTUAL BACKGROUND

9. Defendants operate several spa and massage parlors in northern Illinois including, but not limited to, locations in Batavia, Chicago, and Evanston, Illinois.

10. On information and belief, Defendants operate at least four spa and massage parlors, including but not limited to the stores currently or originally located on: 1026 North Ashland Avenue, Chicago, Illinois; 30 North Island Avenue, Batavia, Illinois; 1905 Howard Street, Evanston, Illinois; and 1125 West 31st Street, Chicago, Illinois.

11. At all relevant times, Defendants and possibly other yet unnamed entities have operated as a unified enterprise and have been associated with or related to each other with respect to Ms. Zhang and other similarly situated employees, such that they are a "joint employer" of Ms. Zhang and those other similarly situated employees in that, *inter alia*:

    a. Defendants and other potential entities yet unnamed are all in the business of providing massages and spa services;

Case: 1:19-cv-00831 Document #: 3 Filed: 02/08/19 Page 4 of 12 PageID #:7

   b. Defendants and other potential entities yet unnamed share human resources, including payroll systems and management;

   c. Defendants and other potential entities yet unnamed share common management and ownership, and specifically are commonly managed or owned by Liu;

   d. Defendants, operating as a single enterprise and joint employers, share control over Ms. Zhang's and similarly situated employees' employment, including the ability to hire, fire, and direct their work.

12. Defendants employed Ms. Zhang from approximately January 23, 2016 through approximately February 5, 2017.

13. Plaintiff worked for Defendants performing multiple tasks at Defendants' stores including but not limited to performing massages for clients, cleaning the stores, washing towels, buying supplies for the business, and other tasks.

14. Defendants directed Ms. Zhang to work at several of the spa and massage parlors operated by them during the course of Ms. Zhang's employment, including but not limited to the stores located at: 1026 North Ashland Avenue, Chicago, Illinois; 30 North Island Avenue, Batavia, Illinois; and 1905 Howard Street, Evanston, Illinois.

15. Defendants directed other similarly situated employees to work at one or more of the stores Defendants operated.

16. Ms. Zhang was scheduled to work approximately 67 hours every week, at Defendants' direction, but Ms. Zhang often worked more than this number of hours during individual workweeks.

17. Defendants directed other similarly situated employees to work well in excess of 40 hours per week during individual workweeks in their employment.

18. Ms. Zhang and other similarly situated employees were paid a percentage of the charge of a massage for every massage that they performed.

4

19. The payment scheme described in paragraph 18 was Defendants' common policy for their employees who performed massages at Defendants' stores.

20. The percentage payment referenced in paragraph 18 was the only payment that Ms. Zhang received for all of the work Ms. Zhang and similarly situated employees performed at the stores.

21. This percentage system of payment typically yielded Ms. Zhang no more than $200.00 per week for her many hours of work (generally, at least 67) at the massage stores.

22. As a result, Ms. Zhang's average hourly wage was typically less than three dollars per hour, and well below the minimum wage mandated by the FLSA, the IMWL, and the CMWO.

23. Defendants failed to pay Ms. Zhang and similarly situated employees the federal, state, or local minimum wage for all time worked during every workweek in Ms. Zhang's employment.

24. As stated above, Defendants typically scheduled and directed Plaintiff to work well in excess of 40 hours per week.

25. Defendants directed other similarly situated employees to work well in excess of 40 hours per week.

26. Ms. Zhang and similarly situated employees were not paid any premium for any of the time they worked in excess of 40 hours per week.

27. Ms. Zhang and similarly situated employees were not paid at time and a half, the mandated rate of pay for all time worked in excess of 40 hours per week.

**COUNT I**
**Violation of the FLSA – Minimum Wage**
**Collective Action**

Ms. Zhang incorporates and re-alleges paragraphs 1 through 27 as though set forth herein.

28. This count arises from Defendants' violation of the FLSA for their failure to pay Ms. Zhang and similarly situated employees the federally mandated minimum wage as described more fully in paragraphs 9-27, *supra*.

29. Defendants suffered and permitted Plaintiff to work for them within the three years preceding the filing of this lawsuit.

30. Defendants also suffered or permitted other similarly situated employees to work for Defendants within the three years preceding the filing of this lawsuit.

31. Ms. Zhang and similarly situated employees were not exempt from the minimum wage provisions of the FLSA.

32. Ms. Zhang and similarly situated employees were entitled to be paid not less than the federally mandated minimum wage for all hours worked in individual workweeks.

33. Defendants did not pay Ms. Zhang and similarly situated employees the federally required minimum wage for all hours worked.

34. Defendants' failure to pay Ms. Zhang and similarly situated employees as required was willful.

35. Defendants' failure to pay Ms. Zhang and similarly situated employees at least the federally required minimum wage violated the FLSA.

36. Ms. Zhang and similarly situated individuals are entitled to recover unpaid wages for all hours worked for up to three years prior to the filing of this lawsuit because Defendants' violation of the FLSA was willful.

WHEREFORE, Ms. Zhang prays for a judgment against Defendants as follows:

A. That the Court determine that this action may be maintained as a collective action pursuant to Section 216(b) of the FLSA;

B. A judgment in the amount of all unpaid minimum wages owed to Ms. Zhang as provided by the FLSA;

C. Liquidated damages in the amount equal to the unpaid minimum wages;

D. That the Court declare that Defendants have violated the FLSA;

E. That the Court enjoin Defendants from violating the FLSA;

F. Reasonable attorneys' fees and costs of this action as provided by the FLSA; and

G. Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the FLSA – Overtime Wages
### Collective Action

Ms. Zhang incorporates and re-alleges paragraphs 1 through 36 as though set forth herein.

37. This Count arises from Defendants' violation of the FLSA for their failure to pay Ms. Zhang and similarly situated employees one and a half times the mandated regular rate of pay for all time worked in excess of 40 hours in a workweek, described more fully in paragraphs 9–27, *supra*.

38. Defendants directed Ms. Zhang to work, and Ms. Zhang did work, in excess of 40 hours in individual workweeks within the three years preceding the filing of this lawsuit.

39. Defendants also directed other similarly situated employees to work in excess of 40 hours per week during individual workweeks within the three years preceding the filing of this lawsuit.

40. Ms. Zhang and similarly situated employees were not exempt from the overtime provisions of the FLSA.

41. Ms. Zhang and similarly situated employees were entitled to be paid overtime wages for all time worked in excess of 40 hours in individual workweeks.

7

42. Defendants did not pay Ms. Zhang and similarly situated employees overtime wages for all time worked in excess of 40 hours in individual workweeks.

43. Defendants' failure to pay Ms. Zhang and similarly situated employees overtime wages for all time worked in excess of 40 hours in individual workweeks violated the FLSA.

44. Defendants' failure to pay Ms. Zhang and similarly situated employees as required was willful.

45. Ms. Zhang and similarly situated employees are entitled to recover unpaid overtime wages for up to three years prior to the filing of this lawsuit because Defendants' violation of the FLSA was willful.

WHEREFORE, Ms. Zhang prays for a judgment against Defendants as follows:

A. A judgment in the amount of all unpaid overtime wages owed to Ms. Zhang as provided by the FLSA;

B. Liquidated damages in the amount equal to the unpaid overtime wages;

C. That the Court declare that Defendants have violated the FLSA;

D. That the Court enjoin Defendants from violating the FLSA;

E. Reasonable attorneys' fees and costs of this action as provided by the FLSA; and

F. Such other and further relief as this Court deems appropriate and just.

### COUNT III
### Violation of the IMWL – Minimum Wage

Ms. Zhang incorporates and re-alleges paragraphs 1 through 45 as though set forth herein.

46. This Count arises from Defendants' violation of the IMWL for Defendants' failure to pay Ms. Zhang the Illinois-mandated minimum wage for all hours worked as described more fully in paragraphs 9–27, *supra*.

47. Defendants suffered or permitted Ms. Zhang to work within the three years preceding the filing of this lawsuit.

8

48. Ms. Zhang was entitled to be paid at no less than the Illinois-mandated minimum rate of pay for all hours worked.

49. Defendants did not pay Ms. Zhang the Illinois mandated-minimum wage for the hours worked.

50. Defendants' failure to pay Ms. Zhang the Illinois-mandated minimum wage rate for all hours worked in individual workweeks violated the IMWL.

51. Pursuant to Section 12(a) of the IMWL, Ms. Zhang is entitled to recover unpaid wages and statutory interest for three years prior to the filing of this suit.

WHEREFORE, Ms. Zhang prays for a judgment against Defendants as follows:

A. A judgment in the amount of all unpaid Illinois-mandated minimum wages owed to Ms. Zhang as provided by the IMWL;

B. Statutory damages for Ms. Zhang pursuant to the formula set forth in 820 ILCS 105/12(a);

C. That the Court declare that Defendants have violated the IMWL;

D. That the Court enjoin Defendants from violating the IMWL;

E. Reasonable attorneys' fees and costs of this action as provided by the IMWL; and

F. Such other and further relief as this Court deems appropriate and just.

## COUNT IV
### Violation of the IMWL – Overtime Wages

Ms. Zhang incorporates and re-alleges paragraphs 1 through 51 as though set forth herein.

52. This Count arises from Defendants' violation of the IMWL for their failure to pay Ms. Zhang time and a half the mandated rate of pay for all time worked in excess of 40 hours in individual workweeks, as described more fully in paragraphs 9-27, *supra*.

53. Defendants directed Ms. Zhang to work, and Ms. Zhang did work, in excess of 40 hours in individual workweeks within the three years prior to filing this lawsuit.

54. Ms. Zhang was not exempt from the overtime provisions of the IMWL.

55. Ms. Zhang was entitled to be paid overtime wages for all time worked in excess of 40 hours in individual workweeks.

56. Defendants did not pay Ms. Zhang overtime wages for all time worked in excess of 40 hours in individual workweeks.

57. Defendants' failure to pay overtime wages to Ms. Zhang overtime wages for all time worked in excess of 40 hours per in individual work weeks was a violation of the IMWL.

58. Pursuant to 820 ILCS 105/12(a), Ms. Zhang is entitled to recover unpaid overtime wages for three years prior to the filing of this suit.

WHEREFORE, Ms. Zhang prays for a judgment against Defendants as follows:

A. A judgment in the amount of all unpaid wages owed to Ms. Zhang as provided by the IMWL;

B. Statutory damages pursuant to the formula set forth in 820 ILCS 105/12 *et seq.*;

C. That the Court declare that Defendants have violated the IMWL;

D. That the Court enjoin Defendants from violating the IMWL;

E. Reasonable attorneys' fees and costs of this action as provided by the IMWL; and

F. Such other and further relief as this Court deems appropriate and just.

## COUNT V
### Violation of the CMWO– Minimum Wages

Ms. Zhang incorporates and re-alleges paragraphs 1 through 58 as though set forth herein.

59. This Count arises from Defendants' violation of the CMWO for their failure to pay Ms. Zhang the Chicago mandated minimum wage rate for all time worked in individual work weeks as described more fully in paragraphs 9–27, *supra*.

60. Defendants suffered or permitted Ms. Zhang to work within the three years prior to the filing this lawsuit.

10

61. Ms. Zhang was not exempt from the minimum wage provisions of the CMWO.

62. Ms. Zhang was entitled to be paid not less than the City of Chicago-mandated minimum wage for all hours worked in individual workweeks.

63. Defendants did not pay Ms. Zhang the Chicago-mandated minimum wage for all hours worked in individual workweeks as described more fully in paragraphs 9–27, *supra*.

64. Pursuant to CMWO § 1-24-110 *et seq.*, Ms. Zhang is entitled to recover unpaid minimum wages.

WHEREFORE, Ms. Zhang prays for a judgment against Defendants as follows:

A. A judgment in the amount of all unpaid minimum wages due to Ms. Zhang as provided by the CMWO;

B. Liquidated damages in the amount equal to three times the unpaid minimum wages as provided by the CMWO;

C. That the Court enjoin Defendants from further violating the CMWO;

D. Fines of $1000.00 for each offense as provided for in CMWO 1-24-100;

E. Reasonable attorneys' fees and costs of this action as provided by the CMWO 1-24-110; and

F. Such other and further relief as this Court deems appropriate and just.

## COUNT VI
### Violation of the CMWO- Overtime Wages

65. Ms. Zhang incorporates and re-alleges paragraphs 1 through 64 of this Complaint, as though set forth herein.

66. The matters set forth in this Count arise from Defendants' violation of the overtime wage provisions of the CMWO.

67. Defendants directed and permitted Ms. Zhang to work, and Ms. Zhang did in fact work, in excess of 40 hours in individual workweeks during her employment with Defendants.

68. Ms. Zhang was not exempt from the overtime wage provisions of the CMWO.

69. Defendants violated the CMWO by failing to compensate Ms. Zhang for all time worked in excess of 40 hours in individual workweeks at time and a half at least the minimum wage mandated by the CMWO.

70. Pursuant to CMWO 1-24-110, Ms. Zhang is entitled to recover unpaid overtime wages for three years prior to the filing of this suit.

WHEREFORE, Ms. Zhang prays for a judgment against Defendants as follows:

A. A judgment in the amount of all overtime wages due to Ms. Zhang as provided by the CMWO;

B. Liquidated damages in the amount equal to three times the unpaid overtime wages;

C. That the Court declare that Defendants have violated the CMWO;

D. That the Court enjoin Defendants from violating the CMWO;

E. Reasonable attorneys' fees and costs of this action as provided by the CMWO, 1-24-110; and

F. Such other and further relief as this Court deems appropriate and just.

Respectfully Submitted,

Dated: February 8, 2019

/s/ Alvar Ayala
Alvar Ayala (ARDC #6295810)
Cintya Larios Guzman (ARDC # 63292307)
Legal Assistance Foundation
120 South LaSalle Street
Suite 900
Chicago, IL 60603
(312) 347-8390

Attorneys for Plaintiff