IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JINMEI ZHANG, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ORGANIZATION FOR BODYWORK ) <br> THERAPIES OF ASIA, LLC, and BO LIU, ) <br> ) <br> Defendants. ) | Case No. 19-cv-831 <br><br> Judge Robert M. Dow, Jr. |

**ORDER**

For the reasons stated below, Plaintiff's motion for entry of default judgment and for attorneys' fees [78] is granted. Defendant's motion for a jury trial [76] is denied. A final judgment under Federal Rule of Civil Procedure 58 will be entered in favor of Plaintiff and against both Defendants, jointly and severally, in the amount of $31,537.39 in actual damages, $5,584.24 in liquidated damages under the FLSA, $20,701.86 in liquidated damages under the IMWL, and $44,475.50 in liquidated damages under the CMWO—for a total damages award of $102,298.99. In addition, the Court awards attorneys' fees in the amount of $53,614.50. Civil case terminated.

**STATEMENT**

Plaintiff Jinmei Zhang brought this wage and hour action back in February 2019 against Defendants National Organization for Bodywork Therapies of Asia LLC and Bo Liu. Defendant Liu filed a pro se appearance but failed to properly litigate the case despite several warnings from Magistrate Judge Valdez about the importance of doing so and the consequences of ignoring those obligations. The corporate Defendant failed to retain counsel at any point in this litigation, despite several warnings from Judge Valdez and from the undersigned about that obligation as well.

In November 2020, after concluding that Defendant Liu "demonstrated a pattern of disregard for court orders and discovery obligations from the beginning of the case" [70, at 2], Judge Valdez issued a written report and recommendation that this Court sanction Defendant Liu by entering a default judgment against him under FRCP 37(b)(2). In so recommending, Judge Valdez set out in detail the history of the litigation "over a period of more than fourteen months," which she concluded "was willful and in bad faith" in view of Defendant Liu's "disregard of the case for months, failure to abide by multiple court orders and deadlines, and failure to offer any explanation for his noncompliance." [*Id*. at 5-6.] She recommended that this Court find that Liu intentionally disregarded his responsibilities but added that even if his conduct were grossly negligent, the recommended sanction of default judgment was appropriate. [*Id*. at 6.]

In December 2020, this Court issued an order [75] adopting Magistrate Judge Valdez's recommendation and entering an order of default against both Defendants based on its conclusion that (a) the individual Defendant Liu could not choose to litigate by his own set of rules and ignore the rules that plainly applied and that had been patiently explained to him on multiple occasions and (b) the corporate Defendant had flouted the rule that corporations cannot litigate in federal court except through licensed counsel. The Court then directed Plaintiff to file a motion for default judgment with proper supporting materials.

Plaintiff did so [see 78]. Defendant responded with a torrent of documents and arguments [see 79], and Plaintiff replied in support of her request for actual and liquidated damages and attorneys' fees [see 80].

As an initial matter, even to this date licensed counsel has not appeared for the corporate Defendant. See *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993). Accordingly, the Court cannot accept any argument on behalf of that Defendant, and it will be jointly and severally liable for the full amount of the judgment entered in this case.

Despite his lengthy filing, the individual Defendant fares no better in the end. Liu comes forward with a partial accounting of his version of Plaintiff's wage records, which he claims reflects a very different number of hours worked and payments made by the employer. The problem is that the time for producing with these records, explaining what they say and any gaps in them, and sitting for a deposition under oath to attest to his company's business practices came and went long ago. All of this was explained to him by Judge Valdez and by opposing counsel, and the same information was readily available to him through any online summary of the basics of litigation. Liu simply chose not to take this case seriously until Judge Valdez recommended entry of a default judgment against him. His belated effort to come forward with a defense comes too late, as this Court explained in its prior order. Perhaps his documents—incomplete though they are—would have undermined Plaintiff's claims to have worked more than 60 hours every week at an hourly wage ($3) well below the minimum under local, state, and federal law. But litigants cannot sit on the sidelines during the discovery process, wasting everyone's time and money, and then show up with untested factual assertions at the thirteenth hour, claiming to be a victim of fraud and accusing the other side of all sorts of nefarious and even criminal behavior. Liu ignored all warning signs and must now bear the consequences of his refusal to litigate in a timely manner. His late-produced assertions, arguments, and documents cannot be considered at this juncture. See, *e.g.*, *United States v. Norwood*, 812 F. App'x 365, 369-70 (7th Cir. 2020) (default judgment appropriate where defendant "ignored the court for months, including three explicit discovery deadlines"); *Nelson v. Schultz*, 878 F.3d 236, 238-39 (7th Cir. 2017) (dismissal appropriate sanction where plaintiff failed to comply with "three orders and two last-chance warnings").

That leaves the question of whether Plaintiff is entitled to all of her claimed damages and attorneys' fees. She has prevailed through default on claims under federal, state, and local law. Actual and liquidated damages are available under each legal framework, though they differ in their particulars. Plaintiff rightly submits that she ought to be entitled to the benefit of the most generous of the applicable schemes in regard to the computation of her actual damages. She worked 38 weeks in Chicago, which computes actual damages according to a higher pay scale than

the rest of Illinois—most likely in recognition of its higher cost of living. Plaintiff accepts that as to the 14 other weeks, her actual damages should be calculated under the lower state scale, which also seems fair. These actual damages compute to $22,237.75 and $9,299.64, respectively, for a grand total of $31,537.39.

The harder questions related to the various liquidated damages regimes. Chicago allows a kicker of twice the actual damages, for a total award of three times the actual damages. See Chicago Minimum Wage Ordinance, 1-24-010 *et seq*. Federal law simply doubles the actual damages in its version of liquidated damages. See 29 U.S.C. § 216(b). And Illinois uses a figure based on 2% of the amount of the "underpayments for each month following the date of payment during which such underpayments remain unpaid." See 820 ILCS § 105/12(a) (2019). Plaintiff submits that she ought to receive the benefit of all three calculations, for a total award of $117,456.23 in actual and liquidated damages.

Liu does not develop any argument or cite any law about overlapping recovery.[1] Courts in this district interpreting Illinois law consistently have held that liquidated damages under the federal and state schemes are not duplicative, and thus have awarded plaintiffs a recovery under both. See, *e.g.*, *Schneider v. Cornerstone Pints, Inc.*, 2016 WL 278813, at *1 (N.D. Ill. Jan. 15, 2016) ("The two-percent penalty is mandatory and not duplicative of the FLSA's liquidated damages provision"); see also *Sheils v. Gatehouse Media, Inc.*, 2015 WL 6501203, at *13 n.8 (N.D. Ill. Oct. 27, 2015) ("Where two statutory regimes provide for separate causes of action, contain clear remedies, and are not mutually exclusive, they can and should both be given effect"); *Burton v. DRAS Partners, LLC*, 2019 WL 5550579, at *5 (N.D. Ill. Oct. 27, 2019) ("Illinois penalty interest is likewise 'mandatory' under the IMWL, and must be awarded in addition to FLSA liquidated damages."); *Reynoso v. Motel* LLC, 71 F. Supp. 3d 792, 802 (N.D. Ill. 2014); *Williams v. Merlee Pharmacy Inc.*, 2017 WL 3705802, at *9, *15 (C.D. Ill. Aug. 28, 2017) (characterizing 2% penalty as punitive and awarding together with FLSA). At the same time, there is a concern that allowing a double recovery under federal law and a triple recovery under local law for the same wage underpayments would result in duplicative recovery and a windfall for Plaintiff. As in *Villanueva v. Falcon Const. Co., Inc.*, 2010 WL 1577277, at *5 (N.D. Ind. Apr. 14, 2010), the Court finds it appropriate to allow Plaintiff the larger of the potentially available recoveries. Thus, Plaintiff will be awarded (a) the triple recovery allowed by Chicago for the 38 weeks she worked in the City, (b) the double recovery allowed under federal law for the other 14 weeks,[2] and (c) the 2% award allowed under state law. This will eliminate any duplicative sum in

---

[1] Liu does raise a "good faith" challenge to the liquidated damages. A court may deviate from doubling a FLSA claim if the employer proves that it acted in good faith, see 29 U.S.C. § 260, but under the mandatory presumption for liquidated damages, "doubling is the norm, not the exception." See *Uphoff v. Elegant Bath, Ltd.*, 176 F.3d 399 (7th Cir. 1999). Liu's argument that he is "honest" and "paid Plaintiff commissions" does not overcome the presumption given that he failed to come forward with any evidence in support of these contentions at the proper time—that is, during the discovery process. See *Domanus v. Lewicki*, 742 F.3d 290 (7th Cir. 2014) (allowing district courts "'broad latitude' in quantifying damages, 'especially when the defendant's own conduct impedes quantification" (quoting *Wehrs v. Wells*, 688 F.3d 886, 892 (7th Cir. 2012)).

[2] This amount is calculated by taking 14/52 of the $20,741.48 in actual damages owed to Plaintiff under the FLSA, which equals $5,584.24.

federal liquidated damages for the 38 weeks in which Plaintiff already gets the benefit of Chicago's more generous laws.

Plaintiff also seeks her attorneys' fees, and the Court agrees that both the hours claimed and the hourly wage sought are reasonable in this case. See *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 550 (7th Cir. 1999). Plaintiff's lawyers have capably represented her in this case from beginning to end. See *id.* ("[T]he most important [factor] is the 'degree of success obtained.'") They (and Judge Valdez) had to endure a number of wasteful status hearings when Plaintiff temporized, occasionally failed to appear altogether, and never complied with orders to participate in the discovery process. See *id.* Defendant has nobody to blame but himself for any inefficiencies in litigating this case. See *id.* (requiring exclusion of only unreasonably expended hours). The corporate Defendant similarly has no valid objection to being tagged with Plaintiff's attorneys' fees, as it never showed up with a lawyer despite the Supreme Court's clear command that licensed counsel is the price of admission for a corporation in a federal courtroom.

In many cases, wage and hour cases can settle easily and efficiently with lawyers on both sides, especially if the corporate defendant has maintained good records. This case is a counter-example, where the absence of counsel for the corporate Defendant and the obstreperous behavior of the individual Defendant turned a dispute over a year's worth of wages into a much longer exercise in frustration for everyone involved. This was not fair to Plaintiff, her counsel, or Magistrate Judge Valdez, and the federal court system need not tolerate or excuse it. Accordingly, the Court grants Plaintiff's motion for default judgment and will enter a final judgment in favor of Plaintiff and against both Defendants, jointly and severally, in the amount of $31,537.39 in actual damages, $5,584.24 in liquidated damages under the FLSA, $20,701.86 in liquidated damages under the IMWL, and $44,475.50 in liquidated damages under the CMWO—for a total damages award of $102,298.99. In addition, the Court awards attorneys' fees in the amount of $53,614.50.

Dated: September 16, 2021

_____
Robert M. Dow, Jr.
United States District Judge